TERESA HAMMER v. THE CITY OF ELIZABETH.

Submitted July 2, 1901—Decided November 11, 1901.

The city of Elizabeth is not authorized by its charter, nor by the supplements thereto nor by any general laws of the state, to pass an ordinance to vacate a street and attach thereto conditions under which the ordinance may not go into effect at all, or under which, if it did go into effect, the vacation might be revoked and the street again become a public highway.

———

On *certiorari* to review an ordinance of the city of Elizabeth.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *Clarence V. Meyer.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

GARRETSON, J.   This *certiorari* brings up an ordinance of the city of Elizabeth entitled "An ordinance to vacate that portion of Myrtle street lying between Princeton and Amboy avenues." It ordains: "That under and by virtue of the provisions of an act entitled 'An act to revise and amend the charter of the city of Elizabeth,' approved March 4th, 1863, and the various supplements thereto, and of the general laws of this state, all that certain portion of Myrtle street lying between Princeton and Amboy avenues be and the same is hereby vacated and closed; provided, however, that the vacation and closing of said portion of said street shall take effect only upon compliance with and subject to the following conditions, viz.: That the land within the lines of said portion of said street, except so much thereof as is now or may be of right used for railroad purposes, shall be used, and used only, for manufacturing purposes; that within one year from the approval of this ordinance there shall be erected on said lands, or on lands abutting upon the portion of said street hereby vacated and closed and between said portion of Myrtle street and Bayway, a building or buildings for manufacturing purposes, upon which shall be expended for the erection of the same and all necessary machinery a sum of not less than forty thousand dollars; that the provisions of this ordinance shall be binding upon the present owner or owners of the lands abutting upon the portion of said street hereby vacated and closed and upon his, her or their grantees; and if the above-stated provisions are not complied with within the time hereinbefore specified, or should the said owner or owners, or his, her or their grantees, cease to use the portion of said street hereby vacated and closed for manufacturing purposes as

herein provided, this ordinance and the vacation and closing of said portion of Myrtle street shall immediately thereupon become null and void, and said portion of said street shall be open and subject to the use of the public as a public street or highway, in the same manner and to the same extent as if this ordinance had not been passed, and that this ordinance shall be void and of no effect unless accepted by the said owner or owners, or his, her or their grantees, in writing, filed in the office of the clerk of the said city of Elizabeth, within sixty days from the passage thereof."

This purports to be an ordinance to vacate Myrtle street, but the vacation does not become effective at all until its acceptance, in writing, by the owner or owners, or his, her or their grantees, within sixty days of its passage, and unless the land within the line of the portion vacated shall be used only for manufacturing purposes, and unless, within one year, $40,000 have been expended for the erection of a building or buildings and the necessary machinery for manufacturing purposes upon the lands in the portion of the street vacated and abutting lands. Should these conditions not be complied with no vacation takes place at all; and there is also a provision that if the present owner or owners, or his, her or their grantees, cease to use the portion of the street sought to be vacated by the ordinance for manufacturing purposes, the vacation of the street becomes null and void, and the same land again becomes a public street or highway.

This is not an ordinance vacating Myrtle street. The ordinance itself states that it is passed under the act to amend the charter of Elizabeth, the supplements thereto and the general laws of the state, but our attention has not been called to, nor do we know of, any law, general or special, authorizing the passage of an ordinance vacating streets under conditions similar to those contained in the ordinance under review, whereby the ordinance may become effective upon the performance of certain conditions. There are statutes authorizing the passage of ordinances vacating streets when certain conditions appear to exist, after certain preliminaries have been taken;

such an act is that of 1897 (*Pamph. L., p.* 245), where, if a portion of a street has not been opened for twenty years or more, that the opening will involve large expenditures, and would be of no public benefit, and all the owners of abutting lands consent, in writing, to the vacation by filing a consent, duly acknowledged, with the city clerk, then the governing body of the city may pass an ordinance declaring such portion of a street vacated.

The ordinance brought up should be set aside.